NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1677
_____

MICHAEL E. CUNNINGHAM, Appellant

v.

ENTERPRISE RENT-A-CAR COMPANY;
ENTERPRISE RENT-A-CAR COMPANY OF PITTSBURGH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-07-cv-01615)
District Judge:  The Honorable David Stewart Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
October 22, 2010

BEFORE:  HARDIMAN, GREENAWAY, JR., and NYGAARD, Circuit Judges.

(Filed: November 30, 2010)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

    Appellant Michael Cunningham, a former Enterprise employee, abused alcohol at

a company party and was fired.  The District Court found that Cunningham was not

disabled under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101.

Additionally, the District Court found Cunningham's ADA retaliation claim lacking because he had not engaged in a protected activity. *See Cunningham v. Enterprise Rent-A-Car Co.,* 2010 WL 724507 (W.D. Pa. 2010). The District Court granted summary judgment in favor of Enterprise. Our review of a district court's grant of summary judgment is plenary. *See Turner v. Hershey Chocolate U.S.A.*, 440 F.3d 604, 611 (3d Cir. 2006). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a grant of summary judgment, we view all the facts in the light most favorable to Cunningham as the non-moving party, and draw all reasonable inferences in his favor. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 535 (3d Cir. 2007).

Because we write only for the benefit of the parties, we assume familiarity with the facts of this civil action and the proceedings in the District Court. Cunningham was a rental manager for Enterprise. At a company holiday party, he poured beer down a coworker's dress, and argued with a cab driver in front of other Enterprise employees. Afterward, Cunningham discussed the incidents with his supervisor by telephone. Cunningham later emailed his supervisor to inform him that he had a drinking problem and would seek professional help. Cunningham also called Enterprise's employee assistance program. Based on his conduct at the party, however, Enterprise terminated Cunningham's employment.

After our independent plenary review of the record in this case and the arguments put forth in the briefs, we will affirm. Summary judgment is proper where a party has

2

demonstrated that no genuine issue exists as to any material fact and is, therefore, entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We find that summary judgment was proper in this case, and will affirm essentially for the reasons stated in the District Court's considered opinion.